IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Mark Quarterman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 8:15-1598-MGL |
| ) | |
| Radius Engineering International Inc., *et al*., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court for resolution of the Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(3), filed by Defendants Radius Engineering International Inc., Hyperspan Infrastructures, Inc. and Walton W. McCarthy, (hereinafter, "Defendants"), on June 3, 2015. (ECF No. 19). Plaintiff Mark Quarterman, (hereinafter, "Plaintiff"), filed a Response in Opposition, (ECF No. 23), on June 16, 2015. The Court has carefully considered the memoranda and supporting documents of the parties, and the matter is now ripe for disposition.

**FACTUAL BACKGROUND**

This case arises from commercial contracts entered into between Plaintiff and Defendants for the purchase and sale of an underground shelter to be installed on property located in Anderson, South Carolina. Specifically at issue here are two forum-selection clauses contained in contracts entered into between Plaintiff and Defendant Radius. Paragraph 27 of the so-called "Second Radius Agreement" reads as follows: "GOVERNING LAW: This Agreement shall be governed by and construed in accordance with the laws of the State of Texas with a Venue in Texas." Similarly, Paragraph 8 of the so-called "Third Radius Agreement" reads: "This Agreement shall be governed by and shall be construed in accordance with the laws of the State of Texas with a

1

Venue in Kaufman County Texas." There is no dispute among the parties that these forum-selection clauses are valid terms of contracts concluded by the parties. Instead, the dispute lies in whether these forum-selection clauses are mandatory or permissive in nature and, in light of that determination, whether venue should be transferred to a Texas forum pursuant to 28 U.S.C. § 1404(a).

## **STANDARD OF REVIEW**

A motion to dismiss based on a forum-selection clause is frequently analyzed as a motion to dismiss for improper venue under Rule 12(b)(3). K & V Scientific Co. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494 (10th Cir. 2002). In determining whether to enforce a forum-selection clause, a court must first decide whether it is mandatory or permissive in nature. Montgomery v. RJ O'Brien & Assocs., LLC, 2012 U.S. Dist. LEXIS 111423 (D.S.C. July 11, 2012), at *11. "A general maxim in interpreting forum-selection clauses is that 'an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion.'" IntraComm, Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007) (quoting John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc., 22 F.3d 51, 53 (2d Cir. 1994)).

A motion to transfer is governed by 28 U.S.C § 1404 (a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Section 1404(a) is "intended to place discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). Under the statute's provisions, the district court has broad discretion to grant or deny a motion to transfer to another

district. Landers v. Dawson Const. Plant, Ltd., 201 F.3d 436, 1999 WL 991419, at *2 (4th Cir. 1999) (unpublished table decision) (holding a district court's ruling on a motion to transfer will only be reversed for a clear abuse of discretion).

When deciding a motion to transfer, the district court must engage in an analysis of convenience and fairness, weighing a number of case-specific factors. Stewart Organization, 487 U.S. at 29. Factors appropriately considered in ruling on a motion to transfer include: (1) the plaintiff's initial choice of forum; (2) the relative ease of access to the sources of proof; (3) the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing and unwilling witnesses; (4) the possibility of a view of the premises, if applicable; (5) the enforceability of a judgment, if one is obtained; (6) the relative advantages and obstacles to a fair trial; (7) other practical problems; (8) administrative difficulties of court congestion; (9) the local interest in having local controversies decided at home; (10) the appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws. Orian Rugs, Inc. v. Sears Holdings Corp., 2013 WL 1115823 (D.S.C. Mar. 18, 2013 (quoting Blue Mako, Inc. v. Minidis, 472 F.Supp.2d 690, 703 (M.D.N.C. 2007)).

## DISCUSSION

Applying the above standards to the instant matter, the Court concludes, firstly, that the forum-selection clauses at issue here are permissive in nature. As Plaintiff sets out in his Response in Opposition, not only does the language of these clauses, (the so-called "Texas Clauses"), not contain specific language of exclusion, the language of the clauses actually suggests that a Texas venue is not mandatory but optional. Under Texas law, for a forum-selection clause to be considered mandatory or exclusive, the clause must "go beyond establishing that a particular forum

3

will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." City of New Orleans v. Mun. Admin. Servs., Inc., 376 F.3d 501, 504 (5th Cir. 2004). "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum," the clause is considered mandatory. Von Graffenreid v. Craig, 246 F.Supp.2d 553, 560 (N.D.Tex. 2003). "By contrast, permissive forum-selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." Id. (internal quotations and citations omitted). Absent "explicit language regarding exclusivity," a forum-selection provision is properly regarded as permissive in nature. Mabon Ltd. v. Afri-Carib Enterprises, Inc., 29 S.W.3d 291, 297 (Tex. App. 2000).

The Texas Clauses at issue here are, as Plaintiff urges, plainly permissive in nature, for they do not, by their express terms, name Texas or Kaufman County, Texas as "the" exclusive forum. Instead, they merely establish Texas as "a" potential forum where litigation may be commenced. Although Defendants cite to numerous cases that involve mandatory forum-selection clauses that, like the Texas clauses, include the word "shall," tellingly, in none of these examples is the "shall" language separated from the precise portion of the clause dealing with venue, as is the case with the Texas clauses through their use of the word "with." Nor do any of the examples of mandatory clauses highlighted by Defendants use the indefinite article "a" in the manner in which the Texas clauses do. While the Texas clauses do employ precise, exclusive language in their choice of law portions—e.g."[t]his Agreement shall be governed by and construed in accordance with the laws of the State of Texas...."—they simply do not use this same clear language and structure in their portions dealing with venue, leaving the parties' intent, at best, unclear. This ambiguity in language must be resolved against Defendants.

4

Turning next to the question of transfer of venue pursuant to 28 U.S.C. § 1404(a), the Court cannot find that Defendants have met their heavy burden of establishing the inconvenience of the current forum, a burden that is particularly heavy where, as here, Plaintiff has chosen his home forum and not one that bears little or no relation to the claims in the case. The Court has considered each of the eleven <u>Orian Rugs</u> factors identified by the parties and cited above. While the Court has little trouble concluding that a few of the factors, including factor (3), weigh somewhat in favor of a Texas forum, it is equally true that other factors, including factor (4), weigh in favor of a South Carolina forum and that many if not most of the remaining factors, including factors (2), (5), (6), (8) and (9), do not weigh heavily in favor of one forum or the other. The critical first factor – the plaintiff's choice of forum – obviously weighs heavily in favor of a continued South Carolina forum. Overall, in considering and weighing these factors, the Court does not find that the balance of interests is so strongly in favor of a Texas forum as to overcome the overarching maxim that a plaintiff's choice of forum should rarely be disturbed. <u>See, e.g.</u>, <u>Scheidt v. Klein</u>, 956 F.2d 963, 965 (10th Cir. 1992); <u>Avant v. Travelers Ins. Co.</u>, 668 F.Supp. 509, 510 (D.S.C. 1987).

## **CONCLUSION**

For all of the foregoing reasons, the Defendants' Motion to Dismiss or, in the alternative, Motion to Transfer, (ECF No. 19), is **DENIED**. Defendants' Motion to Stay, (ECF No. 38), is likewise **DENIED**.

**IT IS SO ORDERED.**

<u>s/Mary G. Lewis</u><br>
United States District Judge

November 3, 2015
Columbia, South Carolina